

M. E. Gates, of Huntsville, and M. L. Bennett, of Normangee, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**MORROW, P. J.**

Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

The indictment is regular and regularly presented. The facts that were before the trial court are not brought up for review. The soundness of no ruling of the court has been challenged by bill of exception. No error in the procedure has been pointed out or perceived.

The judgment is affirmed.

## Wade BLACKSHEAR v. STATE.
### No. 15352.

Court of Criminal Appeals of Texas.
May 25, 1932.

V. Melvin Johnston, of Palestine, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**LATTIMORE, J.**

Conviction for possessing intoxicating liquor for purposes of sale; punishment, one and one-half years in the penitentiary.

The record is here without statement of facts or bills of exception. All matters of procedure appear regular.

The judgment is affirmed.

## Thomas B. ABNEY v. STATE.
### No. 15276.

Court of Criminal Appeals of Texas.
May 25, 1932.

Rehearing Denied June 22, 1932.

E. C. Stovall, of Canton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**MORROW, P. J.**

The offense is unlawfully possessing a still for the manufacture of intoxicating liquor; penalty assessed at confinement in the penitentiary for a period of one year.

Neither statement of facts nor bills of exception are found in the record. We have been referred to no irregularity in the procedure; nor have we perceived any.

In the motion for new trial there is complaint of the argument of the state's attorney, but the claim is not verified by bills of exception.

The judgment is affirmed.